ARMSTRONG, C.J.,
Concurs in Part and Dissents in Part.
|,I would affirm the judgment of the trial court in its entirety. Abundance Square Associates, L.P., Treasure Village Associates, L.P., and Michaels Develop *268 ment Company are all for-profit entities. Exemptions from taxation are strictly construed, an exemption being an exceptional privilege which must be clearly and unequivocally and affirmatively established. Holley v. Plum Creek Timber Co., 38,716 (La.App. 2 Cir. 6/23/2004), 877 So.2d 284; Hibernia National Bank in New Orleans v. Louisiana Tax Commission, 195 La. 43, 196 So. 15 (1940).
I find that Holley, supra, and Administrators of Tulane Educational Fund v. Board of Assessors, 38 La.Ann. 292 (1886), the two cases which form the foundation of the plaintiffs’ case, are not persuasive.
Holley, supra, concerns a special tax exemption granted to private landowners who lease property to the State Department of Wildlife and Fisheries without compensation for use as wildlife management areas. This special statutory exemption has no relevance to the instant case.
| ¾Administrators of Tulane Educational Fund involves a contract between the State and the Tulane Administrators to take over the operation of the University of Louisiana. The Louisiana Supreme Court noted that:
The Act of 1884 declares that the plaintiffs’ revenues are devoted to public use, and as a legal consequence the property that produces them is exempt from taxation unless we are prepared to say that the legislative discretion has been unlawfully or evasively exercised, for that is said to be the criterion by which a court is to test it.
Id. As was the case with Holley, the special contract and statute involved in Administrators of Tulane Educational Fund distinguish it from the instant case.
Based on the foregoing, I find no error in the judgment of the trial court. Therefore, I respectfully concur in only that part of the majority opinion denying the plaintiffs’ claims for a refund of the 2008 ad valorem taxes paid on the non-PHA-Assisted Units. I respectfully dissent from that portion of the majority opinion ordering a return of the 2008 ad valorem taxes paid under protest on PHA-Assisted Units by Abundance Square and Treasure Village.